**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| David Gomez,<br>Petitioner,<br>v.<br>Ryan Thornell, et al.,<br>Respondents. | No. CV-25-02988-PHX-KML<br>**ORDER** |

Magistrate Judge Michael T. Morrissey issued a Report and Recommendation ("R&R") recommending the court deny petitioner David Gomez's petition for writ of habeas corpus. (Doc. 18.) Gomez filed objections, but having reviewed the relevant portions of the R&R de novo, it is adopted in full. (Doc. 22.)

An unidentified prisoner was assaulted by another prisoner on September 27, 2024. The same day as the assault, a corrections officer issued Gomez an inmate disciplinary report. That report stated the officer saw Gomez hit the unidentified prisoner "with closed fists in [the] face and also kicked [the victim] in [the] face." (Doc. 15-1 at 6.) Gomez was served a copy of the disciplinary report on October 4, 2024. (Doc. 15-1 at 6.) On October 22, 2024, Gomez attended a disciplinary hearing. He was allowed to present a witness statement, but the hearing officer refused to consider another witness statement. The hearing officer reviewed video footage of the assault and "positively identified" Gomez as the person who "assaults the victim by kicking the victim several times while the victim is on the ground." (Doc. 15-1 at 5.) The hearing officer also had a statement from another

officer who had reviewed the video and identified Gomez as the individual who assaulted the victim. (Doc. 15-1 at 33.) Gomez was sanctioned with, among other things, loss of good time credits.

Gomez filed a petition for writ of habeas corpus which the court interpreted as alleging his "disciplinary conviction was obtained in violation of the Due Process Clause of the Fourteenth Amendment because he was denied several fundamental rights during the proceeding, including the use of exculpatory evidence, was 'falsely accused,' and was subjected to atypical and significant hardship." (Doc. 6 at 1-2.) The R&R rejects Gomez's claims, concluding "several components of due process were followed in [his] disciplinary process." (Doc. 18 at 2.) Gomez was allowed to use one witness statement, the hearing officer provided a written explanation "as to the evidence relied upon," and there was sufficient evidence to support Gomez's conviction. (Doc. 18 at 18 at 3-4.) Gomez's objections focus on the alleged lack of sufficient evidence supporting his conviction.

In the context of prison disciplinary hearings, due process requires only "a modicum of evidence to support the prison's decision." *Lane v. Salazar*, 911 F.3d 942, 951 (9th Cir. 2018) (simplified). The applicable "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* (simplified). That standard was met here. The disciplinary officer, and another officer, reviewed video footage and identified Gomez as the assailant. (Doc. 15-1 at 5-6.) That was sufficient for due process purposes. Gomez's disagreement with the officers' statements are not enough to establish a due process violation. And the hearing officer's statement that he relied on his own review of the videotape was a sufficient explanation for due process purposes. Gomez's objections do not identify any other flaw in the R&R's analysis, so it is adopted in full.

**IT IS ORDERED** the Report and Recommendation (Doc. 18) is **ADOPTED IN FULL**. The petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH**

**PREJUDICE**. The Clerk of Court shall enter judgment and close this case.

**IT IS FURTHER ORDERED** leave to proceed in forma pauperis and a certificate of appealability are **DENIED** because dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

Dated this 30th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**